**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-01939-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph Nicholas Notah, | |
| Defendant. | |

Pending before the Court is Defendant Joseph Nicholas Notah's Motion to Dismiss the Indictment. (Doc. 68.) The Court **dismisses** the Motion for the reasons below.

**I.      BACKGROUND**

On the early morning of June 1, 2024, Defendant and his juvenile brother ("John Doe") were present at a large outdoor party located on the Gila River Indian Community. (Doc. 68 at 1.) Police arrived at the event around 2:00am in response to a noise complaint. (Doc. 71 at 2.) Soon after, a fight broke out amongst partygoers. (Doc. 68 at 1.) At some point, officers saw Defendant holding a firearm while reaching into his vehicle. (*Id.* at 3.) Allegedly, the officers ordered Defendant to drop the weapon, but Defendant refused to comply. (Doc. 71 at 2.) An officer then tased and shot Defendant. (*Id.* at 2.)

After Defendant was shot, John Doe picked up the firearm from the other side of the vehicle and opened fire on the nearby officers, reloaded, and continued firing. (*Id.*) John Doe killed two officers and critically injured another. (*Id.*) Partygoers eventually subdued John Doe. (*Id.* at 3.)

On November 26, 2024, a federal grand jury indicted Defendant with two federal crimes: (1) assault with a dangerous weapon in Indian Country, in violation of 18 U.S.C. §§ 1153 and 113(a)(3); and (2) using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 68 at 1.) Defendant now moves to dismiss these counts as a matter of law.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure ("Rule") 12(b)(3)(B)(v) permits a defendant to file a pretrial motion to request dismissal of a count for failure to state an offense. "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir. 1982). When determining the sufficiency of an indictment, the Court "must look at the indictment as a whole, include facts which are necessarily implied, and construe it according to common sense." *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) (quoting *Buckley*, 689 F.2d at 897). Additionally, the Court "must accept the truth of the allegations in the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2022).

Importantly, a motion to dismiss "cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation modified). Thus, a defendant "may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *Id.* (citation modified). At bottom, "[t]he indictment either states an offense or it doesn't. There is no reason to conduct an evidentiary hearing." *Boren*, 278 F.3d at 914.

## III.   DISCUSSION

Defendant challenges the first two counts of the Indictment. Additionally, Defendant argues the Government engaged in outrageous conduct necessitating dismissal of the Indictment. The Court addresses each argument in turn.

### A. Count I: Assault with a Dangerous Weapon

Count I of the indictment charges Defendant with assault with a dangerous weapon

in violation of 18 U.S.C. §§ 1153[1] and 113(a)(3).  (Doc. 1 at 1–2.)  Section 113(a)(3) prohibits "[a]ssault with a dangerous weapon, with intent to do bodily harm" and punishes anyone guilty of such conduct with a fine or "imprisonment for not more than ten years, or both."

Defendant argues that "the government's evidence shows no act that qualifies as an assault" because there is no evidence Defendant intended or knowingly assaulted an officer.  (Doc. 68 at 6–7.)  This is not an appropriate argument for a Rule 12(b)(3)(B) Motion.  Defendant may attack the sufficiency of the indictment, but he may not attack the adequacy of the evidence.  *See Jensen*, 93 F.3d at 669.  Defendant attempts to do the latter.

Defendant asks the Court to consider the body camera footage of the events "to determine whether the indictment alleges a cognizable crime." (Doc. 68 at 4.)  The Court will not do so.  *Boren*, 278 F.3d at 914 ("The Court should not consider evidence not appearing on the face of the indictment." (quoting *Jensen*, 93 F.3d at 669)).  Defendant does not otherwise challenge the sufficiency of the allegations in the Indictment.

Accordingly, the Court denies Defendant's Motion as to Count I.

**B. Count II: Using and Brandishing a Firearm During, in Relation to, and In Furtherance of a Crime of Violence**

Count II of the Indictment alleges Defendant "did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence, and did knowingly possess and brandish a firearm in furtherance of a crime of violence" in violation of U.S.C. § 924(c)(1)(A)(ii). (Doc. 1 at 2.)  The relevant crime of violence is assault with a dangerous weapon as charged in Count I.  (*Id.*)

Defendant argues that Count II fails to state an offense because assault with a dangerous weapon is not a "crime of violence." (Doc. 68 at 7–9.)  This is not true.  This issue was directly resolved by the Ninth Circuit in *United States v. Gobert*, 943 F.3d 878 (9th Cir. 2019): "The sole question presented by this appeal is whether the offense of assault with a dangerous weapon described in 18 U.S.C. § 113(a)(3) is a crime of violence

---

[1] Section 1153 prohibits any Indian from committing felony assault under § 113 within Indian country.

under 18 U.S.C. § 924(c)(3)(A). We hold that it is." *Id.* at 879. Defendant claims that *Gobert* is superseded by the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021). (Doc. 72 at 4–5.) Defendant is wrong.

*Gobert* held that a crime of violence—offenses requiring the "use, attempted use, or threatened use of violent physical force"—included assault with a dangerous weapon because such assaults necessarily involve a threat of physical force. 943 F.3d at 881 (citation modified). *Borden* did not upset this holding—it added an additional requirement when categorizing crimes of violence. 593 U.S. at 423. It held that a violent felony (i.e., crime of violence) does not include offenses that criminalize recklessness *mens rea* because the use (or threatened use) of physical force requires intentionality (i.e., a purposeful or knowing mental state). *See id.* Although *Gobert* did not discuss the requisite mental state for assault with dangerous weapon, such assaults satisfy *Borden*'s intentionality requirement. *See* § 113(a)(3) (prohibiting "[a]ssault with a dangerous weapon, with *intent* to do bodily harm" (emphasis added)); *see also Zepeda v. United States*, No. CR-08-01329-PHX-ROS-1, 2022 WL 101197, at *12 (D. Ariz. Jan. 11, 2022) (examining this same question and holding that "[t]he logic of *Borden* therefore does not remove assault with a dangerous weapon from the reach of the 'crime of violence' definition in § 924(c)"). Therefore, this Court is bound by *Gobert*'s holding and rejects Defendant's argument.

Defendant also asks the Court to dismiss Count II due to inadequate evidence. Defendant contends that the "undisputed video evidence" shows that Defendant "never points, raises, or displays a firearm in a threatening manner." (Doc. 68 at 9.) As noted earlier, the Court will not consider evidence outside the Indictment at this stage of the proceedings. *See Boren*, 278 F.3d at 914. Defendant does not otherwise challenge the sufficiency of the allegations in the Indictment.

Accordingly, the Court denies Defendant's Motion as to Count II.

**C. Outrageous Government Conduct**

Finally, Defendant argues the Government's conduct here is so outrageous that

Defendant's due process right to fairness have been violated, necessitating a dismissal of the Indictment. (Doc. 68 at 10.) Defendant argues: (1) the government used deadly force against a non-threatening man; and (2) the body-camera recording does not contain audio. (*Id.*) Defendant states that the Government's prosecution of a "victim" under these circumstances "violates fundamental fairness and due process." (*Id.*)

"Outrageous government conduct is not a defense, but rather a claim that government conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed." *United States v. Williams*, 547 F.3d 1187, 1199 (9th Cir. 2008) (citation modified). Such claims must meet a "high standard," and show that "the government's conduct violates fundamental fairness and is shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment." *Id.* (citation modified). Defendant fails to meet this standard.

Taking the allegations in the Indictment as true, Defendant intentionally and knowingly assaulted an officer with a rifle intending to do bodily harm. Deadly force is justified under such circumstances. *See Smith v. City of Hemet*, 394 F.3d 689, 704 (9th Cir. 2005), *disapproved of in part on other grounds by*, *Lemos v. County of Sonoma*, 40 F.4th 1002, 1008–09 (9th Cir. 2022) ("[W]here a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force."). Lastly, the alleged absence of audio in the body-camera footage is not shocking to the universal sense of justice. Defendant may address this alleged prejudice at a later stage.

The Court denies Defendant's Motion as to his outrageous conduct claim.

IV. **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED denying** Defendant's Motion to Dismiss the Indictment (Doc. 68).

Dated this 18th day of February, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 5 -