**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Joseph Nicholas Notah,<br>Defendant. | No. CR-24-01939-001-PHX-SMB<br>**ORDER** |

Pending before the Court is Defendant Joseph Nicholas Notah's Motion to Disclose Grand Jury Transcript. (Doc. 77.) Defendant's Motion is fully briefed. For the following reasons, the Court **denies** Defendant's Motion. Defendant requested an evidentiary hearing and oral argument, but the Court elects to resolve the Motion without it.

## I. BACKGROUND

The grand jury returned a two-count indictment against Defendant on November 26, 2024. (Doc. 1.) The indictment charged Defendant with Assault with a Dangerous Weapon (Count 1) and Brandishing a Firearm During, in Relation to, and in Furtherance of a Crime of Violence (Count 2). (*See generally id.*) Defendant moved to dismiss the indictment on grounds that the "government's own evidence—particularly the body-camera and bystander-cellphone videos—show[ed] that [he] never brandished, pointed, raised, or fired a gun, at anyone and that he was instead the victim of unjustified police gunfire," which could not constitute a crime of violence, an essential element of both charges. (Doc. 68 at 1–2.) The Court dismissed the Motion, reasoning that the

indictment could not be challenged based on supposed inadequate evidence and that the Court could not consider body camera footage. (Doc. 75 at 3–4.) Defendant now moves for disclosure of "the grand jury legal instructions and the complete transcript or minutes of all grand jury proceedings related to this matter" or, alternatively, for the Court to "review those materials in camera to determine whether the transcripts and other related material contained material that is inconsistent with the now known facts of the case to make the determination whether these materials should be turned over to the defense." (Doc. 77 at 1.)

## II. LEGAL STANDARD

The longstanding cornerstone of the grand jury is that "[i]t deliberates in secret and may determine alone the course of its inquiry." *United States v. Calandra*, 414 U.S. 338, 343 (1974); *see also United States v. Johnson*, 319 U.S. 503, 513 (1943); *Costello v. United States*, 350 U.S. 359, 362 (1956). Not even a judge presides to monitor its proceedings. *Calandra*, 414 U.S. at 343. "This indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity" that is "shown with particularity." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (citation modified). "To allow the intrusion . . . into the indispensable secrecy of grand jury proceedings—as important for the protection of the innocent as for the pursuit of the guilty—would subvert the functions of federal grand juries by all sorts of devices . . . such as ready resort to inspection of grand jury minutes." *Johnson*, 319 U.S. at 513.

The Supreme Court has acknowledged numerous public policy principles justifying the secrecy of grand jury proceedings:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where

> there was no probability of guilt.

*Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 n.10 (1979) (citing *Procter & Gamble*, 356 U.S. at 681–82 n.6).

Nevertheless, Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) permits the Court to authorize disclosure of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The Supreme Court has articulated a three-part analysis for this disclosure: "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222. This showing must be made even if the grand jury whose transcripts are sought has "ended its activities." *Id.* And "[m]ere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (citation modified).

## III. DISCUSSION

Defendant argues, like he did in his earlier Motion to Dismiss, that the body camera footage undermines the charges in the indictment. (*Compare* Doc. 68 at 2, *with* Doc. 77 at 2.) In this instance, he argues that this leads to the "logical conclusion . . . that the Government must have presented erroneous facts to the Grand Jury, facts which differ from those seen in the body camera videos." (Doc. 77 at 2.) He also argues that the "record also reveals a significant risk that the government misstated key aspects of the charged offenses during its presentation to the grand jury." (*Id.* at 5.)

Defendant's allegations amount to no more than "unsubstantiated, speculative assertions of improprieties" that "do not supply the particular need required to outweigh the policy of grand jury secrecy." *Ferrebouef*, 632 F.2d at 835 (citation modified). Defendant essentially takes the rejected arguments in his Motion to Dismiss—that the available evidence is inconsistent with the charges in the indictment—and works

backwards from it to speculate that the grand jury did not consider such evidence (because if it had, he believes no indictment would have been returned) and that the government therefore misled the grand jury. Defendant indeed dresses his arguments in speculative language. (*See* Doc. 77 at 2 ("*If* the Grand Jury was told the same facts as the Government has alleged in those pleadings, the Grand Jury was *likely* misinformed." (emphases added)); *id.* at 6 (arguing that there is a "reasonable *inference* of irregularities before the grand jury" that "*likely* prejudiced the grand juror's narrow decision to indict" (emphases added)); *id.* at 7 (arguing that the "videos were *likely* not *properly* presented to the grand jury" (emphases added)); *id.* (arguing that "irregularities warranting dismissal of the indictment *likely* exist" (emphasis added)); Doc. 84 at 4 ("[I]t *appears* that the grand jury was misinformed.").) He also indicates that the grand jury transcripts are necessary for him to be able to make a showing that the indictment should be dismissed, (*see* Doc. 77 at 7 ("Each of the above grounds independently warrant the disclosure of the grand jury materials . . . and *allow the defense to show* that irregularities warranting dismissal of the indictment likely exist." (emphasis added))), which is fatal to his request. *See United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987) ("It is not sufficient for [the defendant] to assert that he has no way of knowing whether prosecutorial misconduct occurred."); *see also United States v. Shows Urquidi*, 71 F.4th 357, 367 (5th Cir. 2023) (reasoning that the argument that the court "should have granted [the party] access to the grand jury materials so he could determine what information the government had presented and whether the indictment had been influenced by any misconduct establishes that he cannot demonstrate that any false information was actually presented to the grand jury" (citation modified)).

Defendant next cites the government's statement of facts set out in several filings submitted to this Court and argues those facts are inconsistent with the body camera footage, (Doc. 77 at 9), but even if Defendant is correct, he has not shown that such facts were presented to the grand jury, as he admits. (Doc. 84 at 4 ("[W]e can assume that these are the same facts that were told to the grand jury . . . ."); *see also id.* ("*If* the video differs from the scenario given by the government to the grand jury the need for disclosure is

certainly greater than the need for secrecy." (emphasis added)).) Nor has Defendant shown that any prejudice would have resulted if the government had presented those facts to the jury because he states the government's facts were only "*partly* false." (Doc. 84 at 4 (emphasis added).)

Further, even if Defendant could show that the evidence presented to the grand jury was inconsistent with the body camera footage, Defendant has not charged the government with flagrant misconduct. In the Motion, Defendant reasons that the alleged misconduct could either have been "intentional and driven by the strong desire to seek punishment against anyone who could have been at all associated with the events leading to the death of [an] officer" or due to the "case [being] hastily prepared to allow for time to present the multitude of videos to the grand jury." (Doc. 77 at 7.) But "only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury." *United States v. Kennedy*, 564 F.2d 1329, 1338 (9th Cir. 1977). Because Defendant has not shown that any alleged misconduct could result in the indictment's dismissal, *see* Fed. R. Crim. P. 6(e)(3)(E)(ii), this argument fails. *See United States v. Lacey*, No. CR-18-00422-001-PHX-SMB, 2020 WL 108643, at *5 (D. Ariz. Jan. 9, 2020) (denying request to disclose grand jury transcripts where arguments did not warrant dismissing an indictment because, "[w]ithout a showing that a ground may exist to dismiss the indictment for grand jury abuse, disclosure of grand jury transcripts is unavailable" and "Defendants' bare assertions that the grand jury proceedings 'must have been improper' [were] not persuasive enough"); *United States v. Stepanyan*, No. CR 15-0234 CRB (JSC), 2016 WL 4398281, at *2 (N.D. Cal. Aug. 18, 2016) ("Defendant has pointed to nothing that suggests flagrant misconduct, let alone knowing perjury; instead, he offers only his own subjective analysis that the government will be unable to meet its burden of proof. Such speculation does not rise to a 'particularized need.'").

Defendant concedes that he "does not make a specific allegation[] of misconduct" but asserts that only a "reasonable suggestion of such . . . [is] necessary for the court to

conclude that this is not a fishing expedition." (Doc. 84 at 5.) Defendant is incorrect. *See United States v. John Doe, Inc. I*, 481 U.S. 102, 112 (1987) ("[T]he case law that had developed in response to requests for disclosure by private parties had consistently required a *strong showing* of particularized need before disclosure is permitted." (emphasis added) (citation modified)).[1] Defendant has therefore not shown either a particular or compelling need for the material or that disclosure of the transcripts would avoid injustice.[2] *Douglas Oil*, 441 U.S. at 222; *Procter & Gamble*, 356 U.S. at 682.

Additionally, Defendant's request for "the complete transcript or minutes of all grand jury proceedings related to this matter," along with the "grand jury legal instructions," (Doc. 77 at 1), is not "structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222; *see also Lacey*, 2020 WL 108643, at *5 ("The Court also finds Defendants' request for disclosure of *all* grand jury transcripts extraordinarily overbroad." (citation modified)). Defendant argues that the Court can "exclude or redact portions of the transcript that do not go to the elemental facts necessary to return a true bill," (Doc. 84 at 4), but it is Defendant's burden to "structure[] [his request] to cover only material so needed." *Douglas Oil*, 441 U.S. at 222.

For these reasons, neither disclosure of the grand jury materials and instructions nor an in camera review of those materials is warranted under Rule 6(e)(3)(E)(ii), so the Motion is denied.

---

[1] Because Defendant's request for grand jury instructions is premised on his arguments that the jury was misled, (*see* Doc. 77 at 5), it fails for the same reasons. *See Stepanyan*, 2016 WL 4398281, at *1–2 (rejecting argument that "ask[ed] the Court to assume that the . . . charge [would] fail" and to "assume that its inevitable failing mean[t] that the government must have committed misconduct in instructing the jury" as "speculation" that did not "amount to a particularized need"); *United States v. Morales*, No. S-05-0443 WBS, 2007 WL 628678, at *4 (E.D. Cal. Feb. 28, 2007) ("His request for release of the grand jury instructions is based on his own evaluation of the evidence, which he finds insufficient . . . , which in turn leads him to conclude that the instructions must have been misleading in order for the grand jury to have returned an indictment. This sort of deductive reasoning is insufficient to overcome the presumption of regularity.").

[2] Defendant's bare argument that he intends to use grand jury transcripts for impeachment, made for the first time in his reply brief, is likewise speculative. (Doc. 84 at 5 ("[A]nother officer *must have* testified before the grand jury. The videos can now be used to impeach the testimony of the officers who *must have* testified to the false narrative before the grand jury . . . .") (emphases added).)

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED denying** Defendant Joseph Nicholas Notah's Motion to Disclose Grand Jury Transcript (Doc. 77).

Dated this 22nd day of October, 2026.

Honorable Susan M. Brnovich
United States District Judge